IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00404-PAB

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.   ZACHARY LAWHEAD,

Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through United States Attorney for the District of Colorado Cole Finegan , through Assistant United States Attorney Daniel R. McIntyre and defendant ZACHARY LAWHEAD, personally and by counsel, Kelly Christl, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I. AGREEMENT

**A.   *Defendant's Plea of Guilty and Obligations:***

The defendant agrees to;

(1) plead guilty to Count Two of the indictment, charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm and ammunition by felon.

COURT EXHIBIT
1

(2) The defendant also agrees to waive indictment and plead guilty to Count One of the information, charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), possession with intent to distribute more than five grams of methamphetamine actual.

(3) The defendant also admits to the forfeiture allegation in the indictment.

(4) The defendant further agrees to waive his appellate rights as set forth in detail below.

**B.    Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P. 11(c)(1)(A) and (B).  In exchange for the defendant's plea of guilty, the United States agrees file a motion to dismiss counts 1, 3 and 4 of the indictment.

The government also agrees to recommend the Court give the defendant full credit for acceptance of responsibility per USSG § 3E1.1, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of his guilty plea and sentencing.  The government also agrees to recommend a sentence at the low-end of the prevailing advisory sentencing guideline range as finally calculated by the Court.

**D.    Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statutes of conviction;

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 23; or

(3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### F. Forfeiture of Assets:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, section 924(d) whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to: (1) the Smith and Wesson bodyguard .380 caliber semi-automatic pistol, with serial number KCR2001; and (2) all recovered ammunition. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames. The defendant further agrees to the forfeiture of any

substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2€.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offenses to which the defendant is entering a plea of guilty are as follows:

### Indictment Count 2

*First*: The defendant knowingly possessed a firearm or ammunition;

*Second*: The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm and ammunition;

*Third*: The defendant knew that he had been convicted of a felony before he possessed a firearm and ammunition; and

*Fourth*: Before the defendant possessed the firearm and ammunition, the firearm and ammunition had move at some time from one state to another.

### Information Count 1

*First*, the defendant knowingly or intentionally possessed a controlled substance as charged.

*Second*, the substance was in fact methamphetamine.

*Third*, the defendant possessed the substance with the intent to distribute it

*Fourth*, the amount of methamphetamine (actual) possessed was greater than 5 grams

## III. STATUTORY MAXIMUM SENTENCE

The maximum statutory sentence for a violation of 18 U.S.C. § 922(g)(1) is not more than 10 years imprisonment; not more than a $250,000 fine, or both; no more than 3 years supervised release; and a $100 special assessment fee.

The statutory sentence for a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) is no less than 5 years imprisonment and no more than 40 years imprisonment; not more than a $5,000,000 fine; at least 4 years of supervised release and a $100 special assessment fee.

If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury. The conviction may also result in a violation of the conditions of the defendant's state parole or probation. If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the

Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate and agree as follows:

Prior to November 1, 2021, the defendant was a fugitive who was the subject of three outstanding Colorado state arrest warrants. On November 1, 2021, officers with the Colorado Springs Police Department (CSPD) received an anonymous tip that the defendant was residing at a certain apartment located in a complex at 3110 Mallard Drive in Colorado Springs, Colorado. Through investigation, officers learned that the defendant was driving a Ford F-350 pickup truck parked at the apartment complex which was determined to be stolen. That day officers unsuccessfully attempted to contact the defendant in his apartment.

On November 2, 2021 CSPD officers were conducting surveillance on the stolen pickup truck. During the surveillance, the defendant and a female were observed walking from the apartment building to the truck. CSPD detectives approached and

took the defendant into custody on his outstanding warrants. During a search of his person, detectives recovered, the following items:

1) A clear plastic baggie which contained six balls of suspected heroin located in the defendant's front sweatshirt pocket. Later lab testing determined that this item contained a total of 41.9 grams of heroin;

2) Several clear plastic baggies, including five empty baggies and three baggies containing suspected methamphetamine. Later lab testing determined that these three baggies contained a total of 13.328 grams of 94% pure methamphetamine (i.e. 12.528 grams of methamphetamine actual).

3) An additional package of suspected heroin located in the defendant's front pants pocket. Later lab testing determined that this item contained 3.196 grams of heroin;

4) A loaded Smith & Wesson bodyguard .380 caliber semi-automatic pistol (s/n KCR2001), located in the defendant's right rear pant pocket.

The defendant possessed the methamphetamine and heroin with the intent to distribute it. The defendant has at least six prior felony convictions. Prior to November 2, 2021, the defendant knew he was a convicted felon.

On November 10, 2021, Special Agent Robert Gillispie with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), examined the recovered Smith and Wesson and determined that it had crossed state lines prior to its recovery from the defendant's pocket. Specifically, the frame chassis of the firearm was manufactured in Colorado, but was then sent to Massachusetts where the firearm assembly was completed.

## VI. ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States

Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

    A.    The base offense level is guideline is of **24**.[1] §2D1.1(a)(5), (c)(8).

    B.    The following specific offense characteristics apply: **2 levels** are added because the defendant possessed a firearm. §2D1.1(b)(1).

    C.    There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

    D.    According to the parties' calculation, the adjusted offense level should be **26**.

    E.    <u>Acceptance of Responsibility</u>: The defendant should receive a three-level adjustment for acceptance of responsibility under § 3E1.1. The resulting offense level therefore would be **23**.

    F.    <u>Criminal History Category</u>: The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it is estimated that the defendant's criminal history category would be VI.

    G.    Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

---

[1] The two counts group but the applicable drug guideline (2D1.1) controls because it is the greater of the two. §3D1.3(a).

H. <u>Imprisonment</u>: Based on the parties' calculation, the advisory guideline range of imprisonment resulting from an offense level of 23 and the above criminal history category is 92 to 115 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 46 months (bottom of Category I) to 115 months (top of Category VI).

In any event, the guideline range would not exceed the cumulative statutory maximum(s) applicable to the count(s) of conviction.

I. <u>Fine</u>: Pursuant to guideline § 5E1.2, assuming the estimated offense level of 23, the fine range for this offense would be $20,000 to $200,000, plus applicable interest and penalties.

J. <u>Supervised Release</u>: The guideline range of supervised release under § 5D1.2 is between four and five years.

The parties understand that although the Court will consider the parties' guideline estimate, the Court must make its own determination of the applicable guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either from party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely

from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 6-3-22

ZACHARY LAWHEAD
Defendant

Date: 6-3-22

Kelly Christl
Attorney for Defendant

Date: 6-3-22

Daniel R. McIntyre
Assistant U.S. Attorney

11