IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00404-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  ZACHARY LAWHEAD,

     Defendant.

———————————————————————————————————————

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**
———————————————————————————————————————

COMES NOW the United States of America ("United States"), by and through United States Attorney Cole Finegan and Assistant United States Attorney Kurt J. Bohn, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), moves this Court to enter a Preliminary Order of Forfeiture of the following property:

     a.  Smith & Wesson bodyguard .380 caliber semi-automatic pistol, bearing serial no. KCR2001, and

     b.  All recovered ammunition

In support of this motion, the United States sets forth the following:

1.     On December 7, 2021, the grand jury charged defendant Zachary Lawhead by Indictment in Count 1 with possessing with intent to distribute a mixture or substances containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); in Count 2 with a felon in possession of a firearm and ammunition, in and affecting interstates commerce, in violation of 18 U.S.C. § 922(g)(1); in Count 3 with possessing with intent to distribute

heroin, a Schedule I controlled substance, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and in Count 4 with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (Doc. 1 at 1-2).

2.      Upon conviction of the violations alleged in Counts 2 and 4, the United States also sought forfeiture from defendant Zachary Lawhead, pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), of any of the defendant's right, title, and interest in all firearms and ammunition involved in the commission of the offenses, including but not limited to a Smith & Wesson bodyguard .380 caliber semi-automatic pistol, bearing serial no. KCR2001, and all recovered ammunition, and upon conviction of the violations alleged in Counts 1 and 3, the United States sought forfeiture from defendant Zachary Lawhead, pursuant to 21 U.S.C. § 853, any and all of the defendant's right, title, and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offenses, and in all property used or intended to be used, in any manner or part, to commit, or facilitate the commission of such offenses.  (Doc. 1 at 2-4).

3.      On June 3, 2022, the United States and defendant Zachary Lawhead entered into a Plea Agreement.  The Plea Agreement provides, among other things, that the defendant agreed to plead guilty to Count 2, a violation of 18 U.S.C. § 922(g)(1). (Doc. 29 at 1-2).  Defendant Zachary Lawhead also agreed to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), including the Smith & Wesson bodyguard .380 caliber semi-automatic pistol, bearing serial no. KCR2001, and all recovered ammunition.  (Doc. 29 at 4-5).

4.      Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure,

the Court must determine what property is subject to forfeiture under 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c) as soon as practicable after a plea of guilty.  Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture.  Fed. R. Crim. P. 32.2(b)(2)(A).

5.     It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant."  Fed. R. Crim. P. 32.2(b)(2)(B).

6.     The United States and defendant Zachary Lawhead agree that on November 2, 2021, the defendant, who had three outstanding Colorado state arrest warrants, was observed by Colorado Springs Police Department officers at an apartment complex located in Colorado Springs, Colorado.  The officers observed the defendant walking from the apartment complex toward a pickup truck, that was later determined to be stolen.  The officers approached the defendant and took him into custody.  During the search of his person, the officers discovered two baggies which contained a total of 45.09 grams of heroin, three baggies which contained a total 13.328 grams of methamphetamine, and a loaded Smith & Wesson bodyguard .380 caliber semi-automatic pistol, bearing serial no. KCR2001.

7.     The United States and defendant Zachary Lawhead agree that prior to the time defendant Zachary Lawhead possessed the firearm and ammunition, he had been convicted of six felonies, that is crimes punishable by a term of imprisonment exceeding one year.  Accordingly, the defendant's interest in the above listed firearm and ammunition are subject to forfeiture to the United States, pursuant to 18 U.S.C. § 924(d).

8.     A Preliminary Order of Forfeiture is necessary in order for the United States

3

to seize the property subject to forfeiture.  In addition, 21 U.S.C. § 853(n) requires that

third parties who may have an interest in the property receive notice, via publication, or

to the extent practical, direct written notice, of the forfeiture and the United States' intent

to dispose of the property.  The United States cannot accomplish the seizure, notice, and

publication without a Preliminary Order of Forfeiture.

      WHEREFORE, the United States moves this Court to enter the Preliminary Order

of Forfeiture tendered herewith, for the reasons set forth above.

      DATED this 8th day of August 2022.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:    s/ *Kurt J. Bohn*
Kurt J. Bohn
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: kurt.bohn@usdoj.gov
*Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

s/ *Jason Haddock*
FSA Paralegal
U.S. Attorney's Office